IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| PAMELA ANGUIANO BY AND THROUGH GLORIA BUSTOS, INDEPENDENT ADMINISTRATRIX, OF THE ESTATE OF PAMELA ANGUIANO, DECEASED, AND INDIVIDUALLY AND AS NEXT FRIEND TO NAYDINE ANN ANGUIANO, NATHAN RENE RODRIGUEZ AND NATALIE JEAN ANGUIANO, MINOR CHILDREN OF PAMELA ANGUIANO, DECEASED<br><br>Plaintiffs,<br><br>vs.<br><br>BEXAR COUNTY, TEXAS; UNKNOWN, UNNAMED OFFICERS OF THE BEXAR COUNTY SHERIFF'S OFFICE, INDIVIDUALLY AND OFFICIALLY, AND BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM<br><br>Defendants. | <u>COMPLAINT FOR DAMAGES FOR VIOLATIONS OF CIVIL RIGHTS UNDER COLOR OF STATE LAW (42 U.S.C. §1983 AND 1988);</u><br><br><u>PENDANT STATE CLAIMS</u><br><br><u>DEMAND FOR JURY TRIAL</u><br><br>CAUSE NO. 5:12-CV-00234 |

<u>PLAINTIFFS' ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

Come now, **PAMELA ANGUIANO BY AND THROUGH GLORIA BUSTOS, INDEPENDENT ADMINISTRATRIX, OF THE ESTATE OF PAMELA ANGUIANO, DECEASED, AND INDIVIDUALLY AND AS NEXT FRIEND TO NAYDINE ANN ANGUIANO, NATHAN RENE RODRIGUEZ AND NATALIE JEAN ANGUIANO, MINOR CHILDREN OF PAMELA ANGUIANO, DECEASED,** PLAINTIFFS by and through undersigned counsel, and hereby complain of the DEFENDANTS, in this action for the violation of the Plaintiffs' decedent **PAMELA ANGUIANO**'s civil rights, pursuant to 42 U.S.C. §§ 1983 and 1986 and for attorneys' fees and costs pursuant to 42 U.S.C. §1988. In support hereof and for good cause, PLAINTIFFS respectfully show the Court the following:

## I. PROCEDURAL HISTORY OF THE CASE

1. PAMELA ANGUIANO BY AND THROUGH GLORIA BUSTOS, INDEPENDENT ADMINISTRATRIX, OF THE ESTATE OF PAMELA ANGUIANO, DECEASED, AND INDIVIDUALLY AND AS NEXT FRIEND TO NAYDINE ANN ANGUIANO, NATHAN RENE RODRIGUEZ AND NATALIE JEAN ANGUIANO, MINOR CHILDREN OF PAMELA ANGUIANO, Plaintiffs, bring this action for compensatory and punitive damages against Bexar County, Texas, Unknown Unnamed Officers of the Bexar County Sheriff's Office, Individually and Officially, and Bexar County Hospital d/b/a University Health System, because Defendants, jointly and severally, denied Plaintiffs and Plaintiffs' decedent, PAMELA ANGUIANO, the rights guaranteed to her by the Constitution and the laws of the United States and of the State of Texas.

2. Plaintiffs are the survivors of PAMELA ANGUIANO, and GLORIA BUSTOS, INDEPENDENT ADMINISTRATRIX, OF THE ESTATE OF PAMELA ANGUIANO , DECEASED, Individually and as Personal Representative of the estate of deceased PAMELA ANGUIANO, bring this action on behalf of the estate pursuant to Texas Civil Rights and Remedies Code §71.021. PAMELA ANGUIANO died intestate, and there are no more claims against her estate. No administration, therefore, was taken on her estate and none was necessary.

3. PAMELA ANGUIANO was subjected to intentional mistreatment and deliberate indifference by Defendants, jointly and severally, which resulted in her wrongful death while she was a pretrial detainee subject to the control of Defendants. The incident, more fully described below, not only delineates the illegal actions of Defendants, but it also provides a look at the illegal policies, customs and practices of BEXAR COUNTYJAIL, TEXAS and UNIVERSITY HEALTH SYSTEM as to how they fail to prevent bodily injury or death to pre-trail detainees or inmates from themselves or others. Further, this incident is clearly indicative of Defendants' deliberate indifference to the rights of pre-trial detainees and inmates to be protected from

homicide, suicide or serious bodily injury as shown by its failure to train, and/or the inadequate training of, police officers, detention officers, and medical personnel in the provision of medical care and the protection of detainees while in the custody of the BEXAR COUNTY JAIL. The recognition, affirmation, and vindication of the Plaintiffs' and PAMELA ANGUIANO's civil rights as citizens of the State of Texas and of the United States of America are sought by this action so as to dispel any future notions by defendants that Plaintiffs, or PAMELA ANGUIANO, or any other Americans should be subjected to the loss of life in contravention of their federal and state constitutional rights.

4. PLAINTIFFS assert in this suit that PLAINTIFFS' decedent PAMELA ANGUIANO's Fourth and Fourteenth Amendment constitutional rights, applicable to pretrial detainees such as Plaintiff's decedent, were violated by DEFENDANT BEXAR COUNTY when it used excessive force against her, failed to protect her and denied her appropriate medical treatment, and was deliberately indifferent to her needs while she was in custody at the BEXAR COUNTY Adult Detention Center ("the Jail"). In addition, PLAINTIFFS aver that DEFENDANT BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM (hereinafter UHS and/or Bexar County Hospital District) was deliberately indifferent to decedent PAMELA ANGUIANO's serious medical needs. PLAINTIFFS filed this civil rights complaint asserting that DEFENDANTS' deliberate indifference caused decedent PAMELA ANGUIANO to die while in the custody and control of DEFENDANTS, as a pretrial detainee.

5. PLAINTIFFS assert decedent PAMELA ANGUIANO's Fourth and Fourteenth Amendment claims against DEFENDANTS BEXAR COUNTY and BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM for their failure to provide him with appropriate medical treatment and for their deliberate indifference to his serious medical needs.

## II. JURISDICTION AND VENUE

6. This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988, and the Fourth Amendment, made applicable to the DEFENDANTS through the Fourteenth Amendment

to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 (Federal Question) and 28 U.S.C. §1343(3) and the aforementioned constitutional and statutory provisions.

7. Venue lies in the Western District of Texas, the district in which the claims arose, pursuant to 29 U.S.C. §1391(b).

### III. PARTIES

8. This action is brought by the following named PLAINTIFFS:

   a. PAMELA ANGUIANO BY AND THROUGH HER MOTHER GLORIA BUSTOS, ADMINISTRATRIX, INDIVIDUALLY AND IN HER REPRESENTATIVE CAPACITY ON BEHALF OF THE ESTATE OF PAMELA ANGUIANO, DECEASED, AND INDIVIDUALLY AND AS NEXT FRIEND TO NAYDINE ANN ANGUIANO, NATHAN RENE RODRIGUEZ AND NATALIE JEAN ANGUIANO, MINOR CHILDREN OF PAMELA ANGUIANO.

9. All the PLAINTIFFS reside in San Antonio, Bexar County, Texas. For the purposes of this action, each Plaintiff may be served with process, except citation, summons, subpoena or other compulsory process, care of undersigned counsel.

10. DEFENDANTS in this action are as follows:

    a. BEXAR COUNTY, TEXAS. This suit is against Bexar County, Texas, a municipal corporation operating pursuant to the Constitution and the laws of the United States and the State of Texas. This Defendant may be served as follows:

    Bexar County District Attorney
    Civil Section
    Bexar County Justice Center
    300 Dolorosa, Suite 4049
    San Antonio Texas 78205-3030

    A courtesy copy is being mailed to attorney for Bexar County:

    Sue Ann Gregory
    Assistant District Attorney
    Bexar County District Attorney's Office

Civil Section
Bexar County Justice Center
300 Dolorosa, Suite 4049
San Antonio Texas 78205-3030

b.  UNKNOWN, UNNAMED OFFICERS OF THE BEXAR COUNTY SHERIFF'S OFFICE, who at the time of the incidents at issue in this lawsuit and through the present time, are employed at the BEXAR COUNTY ADULT DETENTION CENTER ("the Jail"). This DEFENDANT may be served as follows:

Unknown Unnamed Officers
c/o Sheriff Amadeo Ortiz
Bexar County Sheriff's Office
Bexar County Detention Center
200 Comal Street
San Antonio, Texas  78207-3505

PLAINTIFFS intend to substitute their names once their identities are ascertained.

c.  The BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM. This DEFENDANT is a unit of government existing and organized pursuant to the laws of the State of Texas to provide medical/health care and treatment to the inmates and/or detainees held in custody at the Jail. See TEX. HEALTH & SAFETY CODE ANN. § 281.002 (Vernon's 2003). This DEFENDANT may be served as follows:

Bexar County Hospital District
d/b/a University Health Systems
George B. Hernandez, Jr.
President and CEO
ATTN:  Legal Department
Corporate Square
4801 NW Loop 410, 10th Floor
San Antonio, TX  78229

A courtesy copy is being mailed to attorney for University Health Systems:

Laura A. Cavaretta, Attorney at Law
Cavaretta, Katona & Francis, PLLC
One Riverwalk Place
700 North St. Mary's Street, Suite 1500
San Antonio, TX  78205

11.   All individuals sued in this cause acted under color of state law.

12.   All conditions precedent to the filing of suit and the entry of judgment have been duly performed or have occurred.

## IV. NATURE OF THE CASE

13.   PLAINTIFFS, each of them, suffer from the death of PAMELA ANGUIANO (hereinafter also referred to as "the Plaintiffs' decedent") who died shortly after she was detained at the BEXAR COUNTY Jail on or about July 20, 2011 in San Antonio, Bexar County, Texas.

14.   PLAINTIFFS bring this action for compensatory and punitive damages against: BEXAR COUNTY, TEXAS; UNKNOWN AND UNNAMED OFFICERS OF THE BEXAR COUNTY SHERIFF'S OFFICE employed at the BEXAR COUNTY ADULT DETENTION CENTER/JAIL, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES, AND THE BEXAR COUNTY HOSPITAL DISTRICT D/B/A UNIVERSITY HEALTH SYSTEM, "DEFENDANTS." These DEFENDANTS, jointly and severally, denied PLAINTIFFS and the decedent PAMELA ANGUIANO, the rights guaranteed to her by the Constitution and the laws of the United States and of the State of Texas.

15.   PLAINTIFFS, NAYDINE ANN ANGUIANO, NATHAN RENE RODRIGUEZ AND NATALIE JEAN ANGUIANO, MINOR CHILDREN OF PAMELA ANGUIANO are the surviving next of kin and HER MOTHER, GLORIA BUSTOS is the personal representative of the estate of the decedent PAMELA ANGUIANO. They bring this action on behalf of the decedent's estate pursuant to TEX. CIV. PRAC. & REM. CODE §71.021 (survival statute). Further, Plaintiffs bring this claim individually pursuant to the wrongful death provisions of Chapter 71 of the Texas Civil Practice and Remedies Code.

16.   At the time of her death, PAMELA ANGUIANO was just twenty-five (25) years old, in good physical health, and for many years served as the primary caretaker of her two children and newborn with the help of her mother, Gloria Bustos, the Guardian of the older two due to

her issues with drug dependency. PAMELA ANGUIANO had a history of drug addiction and other related issues, all of which were known by Defendants. She died intestate, and there are no claims against her estate. No administration, therefore, was taken, and none was necessary. However, an Administration has been undertaken at this time.

17. The decedent was subjected to intentional mistreatment and deliberate indifference by DEFENDANTS, jointly and severally, which resulted in her wrongful death while she was a pretrial detainee under the care, custody and control of the DEFENDANTS, including but not limited to: BEXAR COUNTY Sheriff's Office employees, officers, representatives and/or agents at the BEXAR COUNTY Jail, as well as the medical staff of the BEXAR COUNTY HOSPITAL DISTRICT d/b/a UNIVERSITY HEALTH SYSTEM.

18. PLAINTIFFS' decedent's untimely death, as well as the custodial death at issue in the *Harlan E. Mcvea v. Bexar County et al.* and *Jonathan Ramirez v. Bexar County et al.* suits, not only underscore the illegal actions DEFENDANTS directed toward them, but they also tragically reveal and exemplify the illegal policies, customs and practices followed by DEFENDANTS in failing to prevent bodily injury (or death as in this case) to inmates/pretrial detainees from themselves or others.

19. BEXAR COUNTY and BEXAR COUNTY HOSPITAL DISTRICT are sued, jointly and severally, because they have repeatedly failed and refused to adequately supervise and train their agents, officers, employees and medical personnel, directly resulting in the decedents' deaths by not being monitored in a reasonable manner; particularly, after decedent PAMELA ANGUIANO informed the BEXAR COUNTY Jail staff and BEXAR COUNTY HOSPITAL DISTRICT medical staff that she was withdrawing from drugs and/or in a compromised medical state; and thus, giving them *actual notice* that she was a pretrial detainee with recurrent, and very real, medical issues requiring immediate attention and treatment.

20. Jail officials failed and refused to assure that the holding cells utilized for detainees who were detoxifying and had (or were prone to having) serious medical issues, were suitable for

such purposes. The features of the cell used and the materials provided to decedent PAMELA ANGUIANO as a detainee was wholly unsuitable, and in violation of the DEFENDANTS' medical emergency prevention policies and procedures, as well as detoxification guidelines. In essence, BEXAR COUNTY Jail officials and BEXAR COUNTY HOSPITAL DISTRICT staff intentionally and knowingly provided this individual with no assistance or medical care in the hour prior to her death. Decedent PAMELA ANGUIANO yelled desperately for help on several occasions for no less than three (3) days without response and then died in her cell. During this period PAMELA ANGIANO was taunted by the Guards and Staff of BEXAR COUNTY and was told she would be made an "example" for the other inmates to see what happens if you do not do exactly what they say – giving out a warning that if you do not cooperate, then you do not get the help you need. Clearly prior to her death, the decedent was acutely ill and in pain from detoxification. The staff had been informed of her condition and that she required medical treatment and care to safely withdraw from the substance she was addicted to and had recently ingested prior to her arrest and incarceration.

21.  Further, the actions and inactions of the BEXAR COUNTY Jail officials, guards and/or staff, as well as those of the BEXAR COUNTY HOSPITAL DISTRICT's medical staff, demonstrate a deliberate indifference to this pre-trial detainee's constitutional right to reasonable care and supervision while being held pending release/bond or trial on the merits. DEFENDANTS' indifference under these circumstances is tantamount to cruel and unusual punishment without due process of law. It is for these reasons that both damages and injunctive relief are sought.

22.  Moreover, upon information and reasonable belief, decedent PAMELA ANGUIANO made it expressly clear during her initial medical intake/screening conducted at the beginning of her detention, that she had used drugs, she had not tested clean, and that she had recently delivered her baby girl who had also tested positive for an illegal substance. On that very same day she satisfied an arrest warrant that was issued as she was in violation of her Probation. As

such, DEFENDANTS had actual notice that decedent PAMELA ANGUIANO needed to be constantly and closely monitored for her medical needs (both due to the drug addiction *and* to the recent birth of her daughter), and also to be placed in a detoxification program. Despite having direct knowledge, DEFENDANTS blatantly disregarded decedent PAMELA ANGUIANO'S medical condition and/or needs, leaving her unmonitored for an egregiously long period of time in her cell. After her screams for help went unanswered for approximately three (3) days, she was discovered dead, laying in her cell, due to purportedly having become unresponsive. Her autopsy report denies any natural causes for her death stating that they could not exclude her being in active withdrawal at the time of her death.

23. The DEFENDANTS have demonstrated deliberate indifference toward the constitutional rights of the PLAINTIFFS' decedent PAMELA ANGUIANO and other similarly situated decedents by failing to enact, implement, follow, and otherwise execute appropriate policies and procedures to prevent the loss of life by persons known to be medically at high risk, dealing with drug withdrawal, having medical issues requiring immediate attention and/or dealing with drug addiction. The DEFENDANTS were deliberately indifferent by failing to train, supervise and equip police and/or detention officers and medical staff, in the provision of medical care and the protection and supervision of inmates and/or detainees, specifically those with well-documented medical issues and illness conditions who also exhibit issues with withdrawal, detoxification and general health due to drug addiction, such as the PLAINTIFFS' decedent PAMELA ANGUIANO. DEFENDANTS also committed deliberate indifference by failing to enact and/or implement an appropriate mental health screening and assessment; and by failing to properly house suicidal inmates and/or detainees, among others. These failures caused the violation of decedent's constitutional rights, and ultimately the life of decedent PAMELA ANGUIANO.

24. Fully knowing decedent PAMELA ANGUIANO's serious mental, emotional and medical needs, both DEFENDANTS deliberately and intentionally chose to ignore them by violating their own policies and procedures pertaining to identification of high risk inmates, training officers and

mental health and medical staff, housing of high risk inmates, supervision and monitoring of medically high risk inmates and communication between mental health/medical staff and jail staff. By persistent violation and intentional disregard of their own policies, both DEFENDANTS have established a new custom of tolerance by ignoring the special needs of the detainees where the safety and security of detainees with serious medical needs were in peril. The actions and omissions by both DEFENDANTS were known to supervisors and high-ranking officials.

25. It is worth noting that in 2009, the Bexar County Jail had the highest number of custodial deaths and/or suicides at the facility in at least a decade, with a total of five reported cases (more than three times the national average), including the deaths of *Harlan E. Mcvea* and *Jonathan Ramirez*, the decedents and named Plaintiffs in two civil rights suits currently pending in this Court. In 2010, there were a total of three reported cases of custodial deaths and/or suicides at the BEXAR COUNTY Jail, including the death of PAMELA ANGUIANO; an alarming figure for a jail its size. Unless BEXAR COUNTY and its Sheriff's Office are required by this Court to take reasonable corrective actions, other persons will needlessly suffer similar fates. Indeed, the recognition, affirmation, and vindication of PLAINTIFFS' decedents' civil rights as citizens of the State of Texas and of the United States of America are sought by this action so as to dispel any future notions by DEFENDANTS that the PLAINTIFFS and/or decedent PAMELA ANGUIANO or any other American, should be subjected to the loss of life in contravention of their federal and state constitutional rights.

## V. FACTS GIVING RISE TO PLAINTIFFS' CAUSES OF ACTION

*Pre-Trial Detainee: Pamela Anguiano*

26. PAMELA ANGUIANO was born on February 7, 1986 in San Antonio, Bexar County, Texas.

27. On or about July 17, 2011, PAMELA ANGUIANO tested positive for an illegal substance following the birth of her youngest daughter, who also tested positive for an illegal substance. She was on Probation and an arrest warrant was issued for her arrest. Her arrest involved a

possession offense. She was not a violent individual. She was processed into the BEXAR COUNTY Jail, and was awaiting a court appearance. She was expecting to serve little to no time as she had just had her baby and wanted to turn her life around for her three (3) children, her mother, her brother and herself. She told her mother and brother and her older children that she was looking forward to getting beyond her addiction and being a full time mother. At twenty-five (25) she had her whole life in front of her and wanted to become a better person for them and for herself.

28. At the time of her booking, PAMELA ANGUIANO had a history which was notated in her records at the BEXAR COUNTY Jail, for addiction and substance abuse, and PAMELA ANGUIANO notified the DEFENDANTS that she had become weak, fallen "off the wagon" and had used drugs during her pregnancy, and recently before her arrest for violation of probation.

29. Despite knowing this information, both about the drugs *and* the recent birth, the DEFENDANTS failed to place her under intense and/or proper supervision and failed to further administer appropriate medical treatment required by inmates/detainees with detoxification needs. Upon information and reasonable belief, DEFENDANTS did not place her under any special monitoring or treatment. PAMELA ANGUIANO was found dead on July 20, 2011, unresponsive in her cell after having purportedly suffered for from withdrawal from an illegal substance causing her extreme pain, discomfort, hallucinations, sweat, psychosis and fear of impending death. Her death occurred only four (4) days after having been taken into custody with drugs in her system. She was left unobserved by DEFENDANTS for a period of days prior to being found dead. In fact, according to witnesses, PAMELA ANGUIANO was extremely ill and in pain from withdrawal and became confused, angry, uncooperative and despondent. She was heard screaming for help and her pleas were blatantly ignored by the DEFENDANTS. Based on the facts presented, no immunity can attach to the actions of the DEFENDANTS.

## Liability of Defendants

30. The acts or inactions of DEFENDANTS, jointly and severally, were done with such

deliberate indifference and with the purpose and intent of depriving PLAINTIFFS' decedent of life and liberty without due process of law and the equal protection of the laws of the State of Texas and the United States, as guaranteed to them under the Fourth Amendment, made applicable to DEFENDANTS through the Fourteenth Amendment to the Constitution of the United States.

31. PLAINTIFFS are informed and believe the UNKNOWN/UNNAMED EMPLOYEES of the BEXAR COUNTY Jail, in doing the foregoing acts, each named DEFENDANT, was the agent and employee of Defendant BEXAR COUNTY and/or its Sheriff's Office and was acting within such agency and employment. Further, each individual DEFENDANT was acting under the color of State law. The same is asserted against BEXAR COUNTY HOSPITAL DISTRICT's medical staff and/or employees who acted within their scope and course of their employment when they refused to provide PAMELA ANGUIANO with the medical care she so desperately needed.

32. At all times herein mentioned, DEFENDANTS BEXAR COUNTY and BEXAR COUNTY HOSPITAL DISTRICT authorized and ratified the individual DEFENDANTS' wrongful acts. DEFENDANTS' wrongful conduct was the result of policies, practices, and customs of the police officers and/or detention officers employed at the BEXAR COUNTY Jail, including BEXAR COUNTY HOSPITAL DISTRICT's medical personnel, who failed to take appropriate preventive measures for inmates/detainees who exhibited special medical and mental health needs, specifically being medically at high risk, dealing with drug withdrawal, having medical issues requiring immediate attention and/or dealing with drug addiction, resulting in deliberate indifference to the safety and well-being of detainees such as PLAINTIFFS' decedent PAMELA ANGUIANO.

33. Specifically, DEFENDANTS BEXAR COUNTY, the BEXAR COUNTY HOSPITAL DISTRICT, as well as the UNKNOWN/UNNAMED EMPLOYEES OF the BEXAR COUNTY JAIL, committed the following acts or omissions:

a. Failing to adequately train and supervise its police officers, jail officers, deputies and/or detention officers in the proper treatment and identification of detainees needing special observation because of detoxification, preventive steps and intervention;

b. Failing to provide PAMELA ANGUIANO with a safe and secure environment, considering his altered state of mind while in the custody and control of DEFENDANTS;

c. Failing to provide PAMELA ANGUIANO with a safe and secure environment, considering the medical needs required after having given birth and tested positive for illegal substances, all of which was known to the DEFENDANTS;

d. Failing to follow the written procedures/guidelines for the handling of detainees undergoing detoxification by police officers, detention officers and/or medical staff; and

e. Failing to issue proper medical attention in the form of a detoxification plan as part of the care of PAMELA ANGUIANO.

34.     As a result of the wrongful conduct of DEFENDANTS, jointly and severally, which resulted in the untimely deaths of the decedent PAMELA ANGUIANO, PLAINTIFFS will continue to suffer damages, including pecuniary loss, loss of consortium, loss of inheritance, injury to the familial relationship, severe mental anguish, and all damages allowed for wrongful death under Chapter 71 of the Texas Civil Practice and Remedies Code, as a result of the conduct of DEFENDANTS, jointly and severally.

## VI. CAUSES OF ACTION UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

35.     The factual allegations contained in Paragraphs 6 through 34 are incorporated herein by reference the same as if fully set forth *verbatim*.

36.     The actions of DEFENDANTS during the time period in question, (from on or about July 17, 2011 through on or about July 20, 2011), were wrongful and constituted deliberate indifference in depriving the decedent and he family of their constitutional rights, as alleged more fully below.

37.     At all times material hereto, DEFENDANTS had a duty to protect the bodily integrity of the decedent and secure her constitutional rights.

38.    The DEFENDANTS failed to conduct and/or implement reasonable intake procedures and policies in that they failed to use reasonably appropriate protocols for screening and monitoring the decedent for issues with being medically at high risk, dealing with drug withdrawal, having medical issues requiring immediate attention and/or dealing with drug addiction and/or serious mental and emotional needs; and further, they failed to follow up on the information they received during the processing and screening that did occur. In the instant case, both DEFENDANTS were aware that PLAINTIFFS' decedent PAMELA ANGUIANO, had serious medical, physical, and emotional needs, including the need for detoxification, yet were deliberately indifferent to her needs.

## VII.    CAUSES OF ACTION UNDER 42 U.S.C. §1983 AGAINST DEFENDANTS FOR VIOLATION OF PLAINTIFFS' FEDERAL CONSTITUTIONAL RIGHTS

39.    The allegations contained in Paragraphs 3 through 38 are incorporated herein by reference the same as if fully set forth *verbatim*.

40.    DEFENDANTS, acting under color of state law, with deliberate indifference, deprived decedent PAMELA ANGUIANO of the rights, privileges and immunities secured by the Constitution and laws of the United States, specifically those rights secured by the Fourth Amendment, made applicable to the DEFENDANTS, individually and officially, and jointly and severally, through the Fourteenth Amendment to the United States Constitution, by the following:

   a.   demonstrating deliberate indifference to the well-being of PLAINTIFFS' decedent PAMELA ANGUIANO, in light of the known serious risk that drug withdrawal would have upon her without proper medical treatment and/or supervision, which indeed resulted in her death;

   b.   depriving PLAINTIFFS' decedent PAMELA ANGUIANO of her life without due process of law, in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

   c.   subjecting PLAINTIFFS' decedent PAMELA ANGUIANO to cruel, unusual and excessive punishment, without due process of law, by depriving her of proper medical care/treatment, in violation of the Fourth and Fourteenth Amendments to the United States Constitution;

d.  failing to exercise their duty to protect the bodily integrity of decedent PAMELA ANGUIANO and secure her constitutional rights;

e.  failing to act as reasonable persons would have acted in the same or similar circumstances in that they were consciously indifferent to the PLAINTIFFS' decedent PAMELA ANGUIANO's serious medical needs and this sustained indifference over a period of time led to the death of PLAINTIFFS' decedent PAMELA ANGUIANO;

f.  failing to abide by the DEFENDANTS' own guidelines on the screening and categorizing of inmates/detainees based upon their need for monitoring while incarcerated. These guidelines were grossly violated by the DEFENDANTS in the case at bar, and constitutes an official policy, practice or custom by the DEFENDANTS. This policy, practice or custom perpetuates the violation of constitutional rights of the citizens, including the PLAINTIFFS' decedent PAMELA ANGUIANO, PLAINTIFFS, and others; and

g.  By persistently and intentionally disregarding their own policies, BEXAR COUNTY and BEXAR COUNTY HOSPITAL DISTRICT have established a new custom of tolerance by ignoring the special needs of detainees/inmates with serious medical conditions; thus, putting in peril the safety and security of these individuals.

## VIII.   CLAIMS AUTHORIZED BY 42 U.S.C. §§1983, 1985 & 1986

41. The allegations contained in Paragraphs 3 through 40(a-g) are incorporated herein by reference the same as if fully set forth *verbatim*.

42. Furthermore, these claims are made pursuant to 42 U.S.C. §§1983, 1985 & 1986 for the deprivation of the PLAINTIFFS' decedent PAMELA ANGUIANO's and each PLAINTIFFS' federal constitutional rights. Specifically, PLAINTIFFS sue for damages for the DEFENDANTS' violation of PLAINTIFFS' decedent PAMELA ANGUIANO'S Fourth and Fourteenth Amendment rights under the United States Constitution, and under the survival statute and wrongful death status found in Section 71.021 and Chapter 71 of the Texas Civil Practice and Remedies Code.

43. Furthermore, PLAINTIFFS allege that the wrongful and intentional acts of the DEFENDANTS entitle them, as legal heirs of the PLAINTIFFS' decedent's estate, to recover for the physical pain and mental suffering of the deceased, for the loss of the decedent's civil rights, and for the medical and funeral bills and other expenses directly and proximately resulting from the DEFENDANTS' violations as asserted in this Amended Complaint.

## IX. ATTORNEY FEES FOR VINDICATION OF CIVIL RIGHTS

44. PLAINTIFFS respectfully request this Court to award them reasonable and necessary attorney fees and expenses which have been incurred, and which will continue to be incurred by PLAINTIFFS to investigate and prepare this case, and during the pendency of this proceeding in trial and all appellate courts. 42 U.S.C. §1988.

## X. JURY TRIAL DEMAND

45. PLAINTIFFS hereby demand a jury trial, pursuant to FED. R. CIV. P. 38(b).

## XI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS pray that DEFENDANTS be served with process and answer herein and that, on final trial, PLAINTIFFS have:

a. A declaratory judgment and/or injunction against DEFENDANTS and/or each DEFENDANT on each and every cause of action prohibiting future violations of the type sued upon here;

b. Judgment against each of the DEFENDANTS for the actual, compensatory and special damages suffered by each of the PLAINTIFFS' decedent and each of the survivor PLAINTIFFS, individually and as wrongful death beneficiaries, as a result of the DEFENDANTS' conduct in an amount within the jurisdictional limits of the Court and in a sum exceeding the jurisdictional amount of $75,000.00;

c. Costs of suit;

d. Pre-judgment and post-judgment interest as provided by law;

e. Punitive damages for the wrongful and intentional violations by the DEFENDANTS, acting as jointly and severally, of the rights of the deceased;

f. Punitive damages for the wrongful and substantive intentional violations or malicious acts by the DEFENDANTS, acting as jointly and severally, of the rights of the PLAINTIFFS' decedent, PAMELA ANGUIANO.

g. Reasonable and necessary attorney fees and expenses of litigation, court costs,

including those authorized but not necessarily limited to, fees recoverable pursuant to 42 U.S.C. §1988; and

h. For such other and further relief to which PLAINTIFFS may show themselves justly entitled at law and/or in equity.

Respectfully submitted,

de la RIVA & ASSOCIATES
THE ACROPOLIS BUILDING
13407 N.W. Military Hwy
San Antonio, Texas 78231
(210) 224-2200 [TELEPHONE]
(210) 224-2204 [FACSIMILE]

By: _____
Isabel de la Riva
State Bar No. 24012517
Jesse Hernandez
State Bar No.

ATTORNEY FOR PLAINTIFFS